IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDITH M. SOSA,

    Plaintiff,

    v.

JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 05-2241 **(PG)**

## REPORT AND RECOMMENDATION

Above plaintiff Edith M. Sosa (hereafter "Sosa") filed this complaint seeking judicial review of the decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), which denied her application for entitlement to a period of disability and ensuing benefits. Mrs. Sosa requests in the complaint that judgment be issued setting aside the determination of the Commissioner and benefits be awarded under the provisions of the Social Security Act (**Docket No. 1**).[1]

The Commissioner answered the complaint and filed copy of the administrative record, (**Docket Nos. 6**, **7**). Thereafter, on March 27, 2006, the Commissioner filed a memorandum of law in support of her decision. (**Docket No. 8**). On June 12, 2006, plaintiff Sosa filed a Motion for Summary Judgment and a Motion for Judgment of law in support of her position of being entitled to disability benefits (**Docket Nos. 12, 16**). Counsel for plaintiff has informed it was withholding consent to the exercise of jurisdiction by a United States Magistrate-

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript
of the record, a judgment without remanding the cause for rehearing". Section 205(g).

Judge for which this case is submitted by report and recommendation to the Court (**Docket No. 13**).

After a perusal of the administrative record, defendant's brief and the administrative record, containing the medical evidence on file, this United States Magistrate-Judge finds the Commissioner's decision is supported by substantial evidence in the record as a whole and thus SHOULD BE AFFIRMED.

## I.     General Background.

On November 12, 2003, plaintiff Sosa filed an application for a period of disability on November 12, 2003, alleging inability to work since June 2, 2000, at age forty two (42). The onset date of disability was amended thereafter to August 1, 2001. Mrs. Sosa worked as a sewing machine operator and completed the twelfth grade. Plaintiff Sosa claims inability to work because of hand, back and nervous conditions.

## II.    Procedural History and the Administrative Hearing.

Mrs. Sosa's application for social security disability benefits was denied initially and, upon reconsideration by the Social Security Administration, an administrative hearing was held on April 19, 2005 (*Tr. pp. 26-43*). Plaintiff Sosa testified at the hearing providing a full narrative of her treatments and medical conditions.

On May 4, 2005, the presiding ALJ Raúl C. Pardo issued an opinion with findings which was thereafter affirmed by the Appeals Council denying plaintiff's disability claim and it then

became the final decision of the Commissioner of Social Security that is now subject of this judicial review (*Tr. pp. 19-24*).[2]

## III.  The ALJ's Decision and the Appeals Council.

In the opinion of May 4, 2005, the ALJ applied the evaluation process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through the date of the administrative decision; (2) has not engaged in substantial gainful activity since the alleged onset date of disability; (3) has an impairment or a combination of impairments considered "severe" based upon the Regulations found at 20 C.F.R. § 404.1520(b), but the medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  Furthermore, the ALJ considered, at the remaining four step of the fifth-step evaluation required for sequential analysis that plaintiff's impairments, being considered severe, because of medical conditions diagnosed as cervical discogenic disease, bilateral carpal tunnel syndrome, diffuse arthralgia and major depression, plaintiff retained the residual functional capacity to engage in unskilled, light level of exertion type of work. (*Tr. p. 23*).  The ALJ reviewed and discussed in the administrative opinion the medical evidence wherein it was determined that plaintiff suffered no complications from above conditions.  She had no swelling or deformities, increased heat or significant limitation in the

---

[2] Under 42 U.S.C. §405(g), regarding judicial review of the final decision of the Commissioner of Social Security '[t]he court shall have power to enter, upon the pleading and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing" and that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."

range of motion of the hands. The range of motion of the cervical and lumbar spine was not markedly restricted.

The ALJ further determined Ms. Sosa's conditions showed absence of any sensory deficits, muscular weakness or motor atrophy. Insofar as the alleged depressive disorder, the ALJ found while she was depressed an anxious, she was logical, coherent and well oriented. Affect, memory, attention, concentration and judgment were not significantly impaired. The ALJ observed plaintiff Sosa provide at the administrative hearing an adequate and detailed account of her personal, medical and vocational background. She was found not to have non-exertional limitations. Considering all the symptoms, claims, and medical conditions, as well as limitations which could be imposed by pain, the ALJ concluded plaintiff, although unable to perform her previous work as a sewing machine operator, retained the residual capacity to perform unskilled, light kind of work which did not involve frequent handling and which existed in significant numbers in the national economy. (*Tr. pp. 22-23*).

### IV. Analysis.

#### A. Legal Standard.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to

experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he/she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if [s]he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; *see* Bowen, 482 U.S. at 140-42; Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If he/she is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work (as determined in the instant case), he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. <u>Santiago v. Secretary of Health and Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).

In this case the ALJ determined at step five that plaintiff Sosa was able to perform unskilled, light kind of work which did not require frequent handling, and she had no non-exertional limitations. If someone can perform light work, he/she can also perform sedentary type of work.

**B.     Conclusions of Law**.

A review of the ALJ's decision shows he opined objective evidence established the existence of medical impairments which could reasonably be expected to cause the symptoms alleged but not to the extent claimed. Plaintiff was expected to suffer some pain and discomfort but not of such disabling frequency and intensity which would prevent occasional lifting of 20 pounds or 10 pounds frequently, or from otherwise functioning normally. (*Tr. p. 21*).

The First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." <u>Stein v. Sullivan</u>, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise)). *See* 20 C.F.R. § 404.1527(d)("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent

reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

It is well established that the treating physician's opinions must be given considerable weight in determining disability, even if not deemed conclusive. <u>Greenspan v. Shalala</u>, 38 F.3d 232, 237 (5th Cir.1994). Thus, the ALJ may disregard the treating physician's opinion with a showing of good cause. Moreover, "the good cause exceptions we have recognized include disregarding statements that are brief and conclus[ive], not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.* (citing <u>Scott v. Heckler</u>, 770 F.2d 482, 485 (5th Cir. 1985)). <u>Sánchez v. Commissioner of Social Security</u>, 270 F.Supp.2d 218, 221 (D. Puerto Rico 2003).

However, an Administrative Law Judge is not required to give greater weight to opinions of treating physicians in social security disability case. <u>Arroyo v. Secretary of Health and Human Services</u>, 932 F.2d 82 (1st Cir. 1991). *See* <u>Rodríguez Pagán v. Secretary of Health and Human Services,</u> 819 F.2d 1 (1st Cir 1987) (opinions of physicians in social security disability proceeding are not entitled to greater weight merely because they are treating physicians, as opposed to consulting physician). To be controlling, among other things, the treating physician's opinion must not be inconsistent with the other substantial evidence in the case record. Conflicts in the evidence are for the Commissioner, not the courts. <u>Rodríguez v. Secretary of Health and Human Services</u>, 647 F.2d 218, 222 (1st Cir.1981). *See* 20 C.F.R. §

404.1527(d)(2); *see also* Rodríguez Pagán, 819 F.2d at 3; Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 130 (1st Cir. 1981).

The record herein submits evaluations regarding plaintiff's residual functional assessment upon which the ALJ rested to make his conclusion that plaintiff could perform work within light kind of work since she had no limitation of movement and muscular strength was normal, without atrophy (*Tr. pp. 161*). Evaluations by a hand surgeon regarding carpal tunnel syndrome found same to be mild and no surgery was recommended. *(Id. pp. 169, 199)*. A residual functional capacity assessment, with specific facts upon which said conclusions were based, found bulging at C4-C5, C5-C6, C6-C7 and spondylosis at C5-C6. The patient was allowed standing and walking for up to six hours, frequently lifting and/or carrying up to twenty five pounds, and some limitation as to pushing and pulling by the upper extremities (*Tr. p. 261*). *See* Gordils v. Secretary of Health and Human Services, 921 F.2d 327, 329 (1st Cir. 1990) (*per curiam*) (the opinion of an examining consultant and a non- examining physician who completed an RFC assessment can constitute "substantial evidence").

Additionally, discussion of the available medical evidence in the record shows plaintiff was subject to electromyographic study which stated cervical paravertebral muscles were within normal limits. There was some neuropathy at the level of the wrists and right mild ulnar sensory neuropathy. The patient was to start conservative treatment for pain control. (*Tr. p. 222*).

Dr. Lourdes Lizardi referred to major depression with panic attack and agoraphobia. The patient was found oriented in the three spheres. She held good relations with groups, including family, neighbors and friends. *(Id. p. 231)*.

Dr. Samuel Méndez reports a well oriented patient, who has no atrophy and no spasm. There were tender cervical and lumbar paraspinal muscles. Pinpricking and proprioception were intact and gait was normal and unassisted *(Tr. p. 251)*. The diagnosis was of chronic lumbalgia and cervicalgia, bilateral carpal tunnel syndrome and diffuse arthralgia, without sign of inflammatory changes. *(Id. p. 252)*. The range of motion chart found hardly any limitation of motion, except for flexion of the lumbar region. *(Tr. pp. 254-256)*. The CT Scan report of the cervical spine dated October 9, 2000 was negative since the visualized cervical vertebral bodies and posterior elements appeared intact and there was no displacement of the spinal cord *(Tr. p. 207)*.

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[3] The court would set aside a denial of benefits only

---

[3] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). See Rodríguez,, 647 F.2d at 222.

This United States Magistrate-Judge, having scrutinized the record and completed an assessment of the evidence before the administrative agency, finds that the decision of the ALJ is supported by substantial evidence. The Commissioner is charged with the duty to weigh the evidence, resolve material conflicts in the testimonies and determined the case accordingly. Richardson, 402 U.S. at 400. The findings of the Commissioner are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing court, had it heard the same evidence *de novo* might have found otherwise. Lizotte v. Secretary, 654 F.2d at 128; Reyes Robles v. Finch, 409 F.2d 84, 86 (1st Cir. 1969). Therefore, it is recommended that the Commissioner's decision be affirmed.

## V. Conclusion.

For the reasons stated above, it is **RECOMMENDED** that the Commissioner's decision **BE AFFIRMED**.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role

reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, on this 11th day of October of 2006.

**S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE**